UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Deidre L. Mason,<br><br>    Plaintiff,<br>v.<br><br>Veterans of Foreign Wars Post 9625,<br><br>    Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Veterans of Foreign Wars Post 9625 ("Defendant")'s violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, Minn. Stat. § 181.13, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 *et seq*. Defendant subjected Plaintiff Deidre L. Mason ("Plaintiff") to hostile actions that were sufficiently severe or pervasive to create a hostile and harassing work environment, and to which Defendant did not take prompt or appropriate action. Defendants discriminated against Plaintiff on the basis of sex, which gave rise to her constructive discharge.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction) and 42 U.S.C. § 2000e-5(f)(3) (federal jurisdiction for private plaintiffs under Title VII).

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District.

## PARTIES

4. Plaintiff is a woman who resides in the County of Anoka, State of Minnesota.

5. Plaintiff is an "employee" or "person" as defined in the Equal Pay Act, 29 U.S.C. §203(e); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(f); and the Minnesota Human Rights Act, Minn. Stat. §363A.03, subd.15.

6. Defendant is a local branch of a federally-chartered nonprofit. Defendant regularly conducts business in Minnesota, operating from an address of 1919 Coon Rapids Boulevard Northwest, Coon Rapids, MN 55433.

7. At all relevant times, Defendant has been an "employer" as defined by Title VI of the Civil Rights Act, 42 U.S.C. § 2000e(b), Minn. Stat. § 181.171 subd. 4, and the Minnesota Human Rights Act.

## FACTUAL ALLEGATIONS

8. Plaintiff is a female, a member of a protected class.

9. Plaintiff was employed by Defendant starting July 25, 2021.

10. On July 27, 2021, Steve Gauster, an employee of Defendant (hereinafter referred to as "Gauster"), put his arm around Plaintiff's neck and tried to kiss her. She told him no and had to repeat herself after his continued unwanted advances.

11. Over the course of Plaintiff's employment with Defendant, Gauster would stare at Plaintiff for long periods of time, making Plaintiff uncomfortable. He would also

2

harass and intimidate her. He also sent many sexually explicit text messages to Plaintiff.

12. Throughout the month of August, Gauster continued to make unwanted and inappropriate sexual advances toward Plaintiff. She consistently rebuffed his attempts.

13. On August 29, 2021, Plaintiff told her supervisor, Tracie Taylor (hereinafter referred to as "Taylor")—an employee of Defendant and the immediate supervisor of Plaintiff — that Gauster was consistently bothering Plaintiff, and that he was acting angrily toward her when she would not give him attention or have drinks with him. Taylor replied to Plaintiff that Gauster, "was harmless."

14. During late August and/or early September 2021, Gauster sent multiple sexually explicit text messages to Plaintiff.

15. On September 4, 2021, Plaintiff complained to Taylor that Gauster was texting her "dirty requests." Rather than addressing the situation in any manner, Taylor instructed Plaintiff to ignore the explicit text messages from Gauster because Gauster would cease his inappropriate behavior eventually.

16. On November 19, 2021, Taylor yelled at Plaintiff for not using up toilet paper rolls and storing them. She embarrassed and shamed Plaintiff when Taylor, in front of other employees and restaurant patrons, called Plaintiff "an idiot."

17. On November 21, 2021, Gauster verbally assaulted Plaintiff in front of Taylor and another employee of Defendant, calling Plaintiff a "f*cking b*tch." Taylor did not intervene.

18. In retaliation for Plaintiff's complaints about Gauster, Plaintiff was not informed of the Thanksgiving Party at work on November 25, 2021. Plaintiff hurried to the party when she found out, but the food was already gone. Plaintiff felt ostracized by Taylor because of Gauster's harassment.

19. On November 29, 2021, Plaintiff requested assistance from Gauster by text. She asked that he remove 3 garbage bags that Plaintiff had forgotten to dispose of. Plaintiff texted, "...could you please throw it for me if not I'll turn around if you do your earning Scout points." Gauster responded by text message, "Pussy points one picture."

20. On December 3, 2021, Plaintiff worked three hours for Defendant. She did not punch her timecard in or out because she was trying to avoid Gauster. Plaintiff was never paid for these three hours of work, in violation of Minn. Stat. § 181.13.

21. On December 4, 2021, Plaintiff was moping the men's room when Taylor confronted Plaintiff about chairs, and, again, called Plaintiff, "an idiot." Plaintiff responded to Taylor that Plaintiff did not appreciate the disrespect from her supervisor.

22. On December 4, 2021, Plaintiff forwarded to Taylor copies of messages received from Gauster. In response, Taylor texted to Plaintiff that, "...I don't have anything to do with you and Gauster's loan! Please leave me out of it! I don't respond to Gauster's complaints either!"

23. On or about December 5, 2021, Taylor told Plaintiff she was fired and told Plaintiff to return her work keys.

24. On December 8, 2021, Plaintiff returned her work keys.

25. On December 14, 2021, Plaintiff texted Taylor—a written request—that she pay the earned and unpaid wages from December 3, 2021.

26. On December 15, Taylor texted back, acknowledging that Plaintiff had been at work but refusing to compensate Plaintiff for her efforts. Taylor texted, "Worked? All yo9u did was create more work! You picked up Bingo tables n chairs, Marv had to put them back!!!! The bar was cleaned!"

27. To date, Defendant has not paid Plaintiff her wages from December 3.

28. Plaintiff filed a charge of discrimination with the EEOC in January 31, 2022 and signed the final charge letter on July 21, 2022.

29. The EEOC issued a Notice of Right to Sue on October 20, 2022.

30. Both Taylor and Gauster on numerous occasions verbally assaulted Plaintiff, including calling her an "idiot," "f*cking stupid," and "you dumb c*nt."

31. At all relevant times, Defendant, by and through its employees and agents, discriminated against Plaintiff based on sex with respect to compensation, terms, conditions, or privileges of employment.

32. At all relevant times, Defendant has engaged in discriminatory practices against Plaintiff because of her sex including, but not limited to: subjecting her to a hostile work environment, failing to take prompt and appropriate action to correct discrimination in the workplace, and failing to take sufficient action to correct the effects of the hostile work environment.

33. Defendant by and through its employees and agents discriminated against Plaintiff for opposing its unlawful employment practices.

5

34. Defendant's actions were in violation of Title VII, 42 U.S.C. § 2000e-2(a) and 3(a) and the Minnesota Human Rights Act Minn. Stat. § 363A.08, subd. 2.

35. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee, because of her sex. The conduct noted above resulted in a disparate impact to Defendant's employees of color.

36. The unlawful employment practices described above were intentional.

37. The unlawful employment practices described above were done with malice or with reckless indifference to the legally protected rights of Plaintiff.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### DISCRIMINATION IN VIOLATIONS OF TITLE VII
### 42 U.S.C. § 2000e-2(a)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. "Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. s 2000e et seq., to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S. Ct. 1011, 1017, 39

L. Ed. 2d 147 (1974) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973)).

41. "In the Civil Rights Act of 1964, 42 U.S.C. s 2000a et seq., Congress indicated that it considered the policy against discrimination to be of the 'highest priority.' Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 1019, 39 L. Ed. 2d 147 (1974) (citing Newman v. Piggie Park Enterprises, Inc., 390 U.S., at 402, 88 S.Ct. at 966).

42. Plaintiff was subjected to the acts described above, including explicit sexual remarks, offensive physical contact, and/or sexual propositions. These actions were sexually explicit, lewd, embarrassing, provocative, derogatory, and/or threatening in nature and thus were sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

43. Plaintiff was ultimately forced to resign from her employment in violation of Title VII. Defendant's constructive discharge was based on Plaintiff's sex in violation of Title VII.

44. Defendant knew or should have known of the conduct described above but failed to take prompt, effective action to stop the offensive and illegal conduct.

45. The unlawful employment practices described above were intentional and resulted in one or more tangible employment actions, including constructive discharge.

46. As a result of Defendant's conduct, Plaintiff suffered damages including loss of income, mental anguish and suffering, and other damages in an amount to be determined at trial.

## COUNT II.

## RETALIATION IN VIOLATIONS OF TITLE VII
## 42 U.S.C. § 2000e-3(a)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Plaintiff complained of and/or resisted workplace sexual harassment and thereby engaged in conduct protected by Title VII of the Civil Rights Act.

49. Defendant retaliated against Plaintiff for engaging in conduct protected by Title VII of the Civil Rights Act by, among other things, (1) verbally abusing Plaintiff and (2) constructively discharging her from her employment as a direct response to her complaints.

50. The unlawful employment practices described above were intentional.

51. The actions of Defendant described above constitute retaliation in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

52. As a result of Defendant's conduct described above, Plaintiff is entitled to recover damages, including lost back pay, mental suffering damages, other damages in a reasonable amount, and award of reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. § 2000e-5(k).

## COUNT III.

### SEXUAL HARASSMENT IN VIOLATIONS OF THE MHRA
### Minn. Stat. § 363A.08, subd. 2

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff was subjected to the acts described above, including explicit sexual remarks, offensive physical contact, and/or sexual propositions. These actions were sexually explicit, lewd, embarrassing, provocative, derogatory, and/or threatening in nature and thus were sexual harassment in violation of Minn. Stat. § 363A.08 subd. 2.

55. The actions of Defendant described above constitute a hostile work environment, harassment and unlawful practices in violation of Minn. Stat. § 363A.08, subd. 2.

56. Plaintiff was ultimately forced to resign from her employment in violation of Minn. Stat. § 363A.08 subd. 2. Defendant's constructive discharge was based on Plaintiff's sex in violation of the MHRA.

57. Defendant knew or should have known of the conduct described above but failed to take prompt, effective action to stop the offensive and illegal conduct.

58. The unlawful employment practices described above were intentional.

59. As a result of Defendant's conduct, Plaintiff suffered damages including loss of income, mental anguish and suffering, and other damages in an amount to be determined at trial.

60. As a result, Plaintiff is entitled to judgment against Defendant which should be trebled, civil fines, punitive damages, and her reasonable costs and attorneys' fees, pursuant to Minn. Stat. §§ 363A.29 and 363A.33.

## COUNT IV.

### REPRISAL IN VIOLATIONS OF TITLE VII
### Minn. Stat. § 363A.15

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Plaintiff complained of and/or resisted workplace sexual harassment and thereby engaged in conduct protected by the Minnesota Human Rights act.

63. Defendant retaliated against Plaintiff for engaging in conduct protected by Title VII of the Civil Rights Act by, among other things, (1) verbally abusing Plaintiff and (2) constructively discharging her from her employment as a direct response to her complaints.

64. The unlawful employment practices described above were intentional.

65. The actions of Defendant described above constitute retaliation in violation of Minn. Stat. § 363A.15.

66. As a result, Plaintiff is entitled to judgment against Defendant which should be trebled, civil fines, punitive damages, and her reasonable costs and attorneys' fees, pursuant to Minn. Stat. §§ 363A.29 and 363A.33.

## COUNT V.

## VIOLATIONS OF MINN. STAT. § 181.13

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. When Defendant discharged Plaintiff, she had earned unpaid wages that were immediately due and payable upon demand. Because Plaintiff demanded her unpaid wages and was not paid within 24 hours, Defendant is in default and violated Minn. Stat. § 181.13.

69. As a result of Defendant's actions, Plaintiff is entitled collect her unpaid wages plus a penalty equal to her average daily earnings at her regular rate of pay or the rate required by law, whichever rate is greater, for each day up to 15 days.

70. Plaintiff is also entitled to attorneys' fees and other costs to bring this action, pursuant to Minn. Stat. § 181.171 subd. 3.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of compensation for (i) past and future lost wages; (ii) compensatory damages; (iii) mental anguish damages; (iv) employment benefits; and (v) nonpecuniary losses resulting from the practices described above; in an amount to be determined at trial but believed to be in excess of $75,000.00, pursuant to Minn. Stat. § 363A.29 subd. 4 and 42 U.S.C. § 2000e-5(g);
- an award of treble compensatory damages pursuant to Minn. Stat. § 363A.29 subd. 4;
- an award of statutory punitive damages for Defendant's malicious and reckless conduct, in an amount to be determined at trial;
- the statutory civil penalty for unfair employment practices pursuant to the MHRA, Minn. Stat. § 363A.29, subd. 4;

- order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities and eradicate the unlawful employment practices to which Plaintiff was subjected;
- an award of costs, disbursements, and attorney's fees against Defendant pursuant to Minn. Stat. § 363A.33 subd. 7 and 42 U.S.C. § 2000e-5(k);
- an award of Plaintiff's unpaid wages plus 15 days' worth of her average daily earnings, pursuant to Minn. Stat. § 181.13;
- an award of attorneys' fees and other costs to bring this action, pursuant to Minn. Stat. § 181.171 subd. 3; and
- such other and further relief as the Court may deem just and proper.

Dated: January 17, 2023

Respectfully submitted,

By: s/Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
**GONKO & VAVRECK PLLC**
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500

***ATTORNEY FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Deidre L. Mason, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Deidre Mason

Subscribed and sworn to before me
this 17th day of January 2023.

s/ _____
Notary Public

MARK L VAVRECK
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/25

13